FILED

2017 FEB 24 PM 3:56

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LATASHA TAYLOR, )
)
Plaintiff, )
v. ) Civil Action No. 6:17-CV-332-ORL-22GJK
)
REGIONAL ACCEPTANCE )
CORPORATION, )
)
Defendant. )
_____)

### NOTICE OF REMOVAL

Defendant Regional Acceptance Corporation ("Regional Acceptance"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully notices the removal of the above-captioned action to the United States District Court for the Middle District of Florida from the Circuit Court of the Ninth Judicial Circuit and for Orange County, Florida. The grounds for removal are as follows:

1. On January 27, 2017, Plaintiff Latasha Taylor ("Plaintiff") served a Summons and Complaint on CT Corporation, authorized agent for Regional Acceptance, captioned *Latasha Taylor v. Regional Acceptance Corporation* (the "State Court Action"). The Summons and Complaint are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a). In accordance with Local Rule 4.02, copies of all process, pleadings, and orders on file in the State Court Action are also included in Exhibit A.

2. This Court has original federal question jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq.* of the Telephone Consumer Protection Act, which gives the District Court jurisdiction to hear civil actions related to liability under the

statute. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States.

## THE PARTIES

3. Upon information and belief, Plaintiff is an adult resident of Orange County, Florida.

4. Regional Acceptance was at the time the State Court Action was commenced, and currently is, a North Carolina corporation.

## THE STATE COURT ACTION

5. On or about January 27, 2017, Regional Acceptance received service of the Summons and Complaint by service through an authorized agent of process. Accordingly, this Notice of Removal, filed within the thirty-day period prescribed by 28 U.S.C. § 1446, is timely.

6. The Complaint alleges that Regional Acceptance violated the TCPA by calling Plaintiff on her cell phone without Plaintiff's consent. *See* Compl. ¶¶ 18.

## THIS COURT'S REMOVAL JURISDICTION

7. Title 28 U.S.C. § 1441(a) and (c) and Title 28 U.S.C. § 1331 provide the basis for removal jurisdiction to this Court. Plaintiff claims that Regional Acceptance violated the Telephone Consumer Protection Act, which is a federal law. Therefore, this Court has original federal jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. The timing requirements of 28 U.S.C. § 1446(b) have been satisfied in that this Notice of Removal has been filed with this Court within thirty (30) days after receipt of the Petition by Regional Acceptance. The time for filing this Notice of Removal has not expired under 28 U.S.C. § 1446(b).

9. The United States District Court for the Middle District of Florida, Orlando Division is the appropriate court to which this action should be removed because this district is the district embracing actions filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

10. A true and correct copy of this Notice of Removal is being served upon Plaintiff as required by law under 28 U.S.C. § 1446(d).

11. A true and correct copy of this Notice of Removal is also being filed promptly with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal (without its exhibit), is attached hereto as **Exhibit B.**

12. If any questions arise as to the propriety of the removal of this action, Regional Acceptance requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Regional Acceptance hereby removes this action, currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

Dated:   February 24, 2017						Respectfully submitted,

												**REGIONAL ACCEPTANCE CORPORATION**


												Devine Goodman Rasco & Watts-FitzGerald, LLP
												2800 Ponce de Leon Boulevard, Suite 1400
												Coral Gables, Florida  33134
												Telephone:  (305) 374-8200
												Facsimile:   (305) 374-8208
												lgoodman@devinegoodman.com


												By: /s/ Lawrence D. Goodman
												       Lawrence D. Goodman, Esq. (FBN: 712647)

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2017, I filed the foregoing with the Clerk of the Court, and mailed and/or emailed a copy of the foregoing to:

>Taras S. Rudnitsky, Esq.
>Rudnitsky Law Firm
>3383 Oakmont Terrace
>Longwood, FL  32779
>Telephone:   407-333-0001
>Facsimile:   888-990-1460
>Taras@HelpingFloridaConsumers.com
>Tina@HelpingFloridaConsumers.com
>Taras@CarSafetyLawyer.com
>
>*Counsel for Plaintiff*

>By: /s/ Lawrence D. Goodman
>        Lawrence D. Goodman, Esq. (FBN: 712647)

30475610